UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No.  05-387 (RWR) |
| v. : | |
| : | |
| ADALBERTO MEJIA FLORES, : | |
| : | |
| **Defendant.** : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
### FOR DISCOVERY PURSUANT TO RULE 16 AND 26.2

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to Defendant's Motion for Discovery Pursuant to Rule 16 and 26.2.  In support of this response, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding these motions.

1.	The government states at the outset that it fully intends to comply with its obligations to provide discovery pursuant to Fed. R. Crim. P. 16.  The defendants have already been provided with voluminous Rule 16 discovery, and the government continues to provide additional Rule 16 discovery  as it becomes available.

In addition, the government has provided the defendants with copies of most of the witness statements covered by the Jencks Act, Title 18, United States Code, Section 3500, although it is not required to do so at this time.  To the extent that the government has or comes into possession of additional witness statements and/or other Jencks Act materials, it will produce such statements to the defense no later than seven (7) days in advance of trial.

The government recognizes and will fully comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), United States v.

Augurs, 427 U.S. 97 (1976), and Kyles v. Whitley, 514 U.S. 419 (1995), as well as its continuing duty to disclose under Rule 16(c) of the Federal Rules of Criminal Procedure.

The government opposes defendant's motion to the extent it seeks discovery beyond that authorized by Rule 16.

The United States hereby moves for all reciprocal discovery required by Rule 16(b). The government further requests, pursuant to Fed. R. Crim. P. 12.1, notice of any alibi either defendant may offer with regard to the commission of the charged offenses committed at the dates and places specified in the indictment.

I.   RESPONSE TO SPECIFIC REQUESTS

A.  Defendant's request for statements made by himself or his co-defendants

2.   The government is not aware of any statements made by defendant Flores to law enforcement or other co-conspirators involved in this investigation. In addition, no electronic surveillance, including wiretaps, was conducted in this case. The government has previously disclosed to defendant Flores the statements made by co-defendant Alfredo Medina to law enforcement. In addition, the government has disclosed to defendant Flores and Medina all audio recordings obtained in this case. As stated above, any additional witness statements which have not yet been disclosed will be provided pursuant to the Jencks act.

As part of his request, the defendant seeks early disclosure of the statements of co-conspirators. Although the United States has produced the statements of each defendant currently in its possession, as well as a substantial amount of early Jencks material, the United States objects to this discovery demand. Statements of co-conspirators or co-participants fall within the purview of the Jencks Act, Title 18, United States Code, Section 3500, and are entitled to the same protection

as the statements of any other witnesses for the United States. United States v. Williams-Davis, 90 F.3d 490, 512-513 (D.C. Cir. 1996); United States v. Tarantino, 846 F.2d 1384, 1418 (D.C. Cir. 1988).

The United States will produce for the defendants any additional co-conspirator statements that constitute Jencks Act material in accordance with the statute or which tend to exculpate any defendant in accordance with Brady v. Maryland, 373 U.S. 83 (1963), no later than seven (7) days prior to trial. Furthermore, there is no legal basis to justify disclosure of statements by co-conspirators the government does not intend to call as witnesses. See United States v. Tarantino, 846 F.2d 1384, 1417-18 (D.C. Cir. 1988) (holding that Rule 16(a)(1)(A) does not provide for disclosure of statements made by co-conspirators the government does not intend to call at trial); United States v. Roberts, 811 F.2d 257 (4th Cir. 1987) (holding that co-conspirators statements are not discoverable under Rule 16(a)(1)(A) and calling into doubt United States v. Jackson, 757 F.2d 1486 (4th Cir. 1985)); United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987); United States v. Eisenberg, 773 F. Supp. 662, 682-683 (D. N.J. 1991); United States v. Bronk, 604 F. Supp. 743, 746 (W.D. Wis. 1985).

B.  Prior criminal record

3.     Pursuant to its discovery letter to the defendant dated November 3, 2005, the government provided to the defendant a copy of the Pre-trial Services Agency report, which indicated that the defendant does not have any prior criminal convictions. The government is not aware of any such convictions against the defendant, and will notify the defendant in writing should it learn that the defendant has any criminal convictions.

C.  Tangible, documentary, illustrative, and summary evidence

4.      The government will provide a viewing letter to defense counsel in order to provide the defendants access to all physical and documentary evidence which is within the possession of the government and which is material to the preparation of their defense, is intended for use by the government as evidence in its case-in-chief at trial, or was obtained from or belongs to the defendant, in accordance with Rule 16(a)(1)(E). As stated above, the government will continue to make additional Rule 16 discovery materials available to the defense. To the extent that the defendant's request goes beyond what is required under Rule 16, the United States objects.

D.  Medical and scientific examinations, tests, reports, and expert testimony

5.      The United States has provided to the defendants copies of all reports of scientific tests or experiments which are in its possession and are material to the preparation of a defense or intended for use in the government's case-in-chief at trial, in accordance with Rule 16(a)(1)(F). In the event that any additional such reports are generated the United States will provide these to the defendants. The United States is not aware of reports of physical or mental examinations of any of its witnesses. In its discovery letter dated November 3, 2005, the United States advised the defendant that it intended on calling a narcotics expert at trial. This letter identified the potential expert witnesses who may appear at trial as well as a summary of their qualifications and anticipated testimony. At least one week prior to trial the United States will provide notification of the identity any narcotics or other experts it intends to call at trial, and provide a curriculum vitae and summary of the witnesses' anticipated testimony.

E.  Witness statements and Jencks materials

6.      As stated above, statements of government witnesses are subject to disclosure only

in accordance with the Jencks Act. Williams-Davis, 90 F.3d at 512; Tarantino, 846 F.2d at 1414-1415. Should the government obtain additional witness statements or other Jencks Act material, including any radio runs, the government offers to provide such materials to the defense seven (7) days prior to trial, which will afford defense counsel sufficient time to prepare for trial.

F. Giglio information

7.  The government must produce exculpatory evidence – including impeachment evidence – to defendant in time for him to make use of it. See, e.g., United States v. Paxson, 861 F.2d 730, 737 (D.C. Cir. 1988). When the exculpatory evidence in question is solely of an impeaching nature, disclosure shortly before trial satisfies the government's obligations. Tarantino, 846 F.2d at 1416. In Tarantino, the appellant argued that, although he had the material to use for impeachment at trial, the government's failure to provide the material before trial constituted a Brady violation. The Court of Appeals rejected appellant's argument:

> This argument strikes us as an attempt to convert Brady into a broad rule of discovery in criminal cases. Appellants' argument necessarily suggests that all relevant material held by the government must be produced prior to trial, for relevant material will always be at least marginally useful at every stage of trial. As a matter of policy such broad discovery might or might not be wise, but certainly it is not required by present law.

Id.

The government has already disclosed impeachment materials related to one of its civilian witnesses. Pursuant to the authority set forth above, the government proposes to disclose any remaining impeachment materials falling within the scope of Brady, Giglio, and Kyles seven (7) days before trial, which would afford defendants the opportunity to fully and appropriately use the materials.

G.  Other Crimes Evidence pursuant to Fed. R. Evid. 404(b)

At present the government is not aware of any evidence which would be admissible against the defendant pursuant to Fed. R. Evid. 404(b).  In the event that the government intends on seeking admission of such evidence the defendant will be notified in writing.

H.  Brady material

8.	The government has previously made disclosure to the defendants of potential Brady material.  The government is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and Kyles v. Whitley, 514 U.S. 419 (1995) and will comply therewith.  At present, the government is not aware of any additional materials pertaining to the defendant's request in paragraph 12 of his motion.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO.  451058

_____
STEVEN B. WASSERMAN
ASSISTANT UNITED STATES ATTORNEY
D.C. BAR NO. 453-251
FEDERAL MAJOR CRIMES SECTION
555 4th Street, NW, Rom 4241
Washington, DC 20001
(202) 307-0031

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Government's Response to Defendant's Motion for Discovery Pursuant to Rule 16 and Rule 26.2 is to be served upon counsel for the defendant, James Rudasill, Esquire, this 17th day of January, 2006.

                                             STEVEN B. WASSERMAN
                                             ASSISTANT UNITED STATES ATTORNEY