UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No.  05-387 (RWR) |
| v. : | |
| : | |
| ADALBERTO MEJIA FLORES, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S NOTICE OF EXPERT TESTIMONY**

The United States, by and through its attorney, Kenneth L. Wainstein, the United States Attorney for the District of Columbia, hereby submits the following notice of expert testimony:

<u>NARCOTICS EXPERT</u>

1. Please be advised that the Government intends to call Detective Anthony Washington of the Metropolitan Police Department, or some other Officer of the Metropolitan Police Department or other law enforcement agency with similar qualifications, as a narcotics expert witness in the trial of this case.

2. Det. Washington may testify -- by providing information, explaining, or by rendering an opinion -- concerning the following:

(a) the procedures used by the law enforcement agencies in the District of Columbia for handling narcotics evidence and for safeguarding the chain of custody and integrity of the evidence in narcotics cases.

(b) the quantitative and qualitative analysis of the narcotics evidence by the DEA and the strength of the substance.

(c) the methods of using and purchasing narcotics, specifically cocaine, in the District of Columbia, including but not limited to:  the reasons for such methods; the cost (price) of

narcotics, both wholesale and retail; the common dosage of, usable and measurable amounts, and strength of narcotics; packaging materials, cutting agents, scales, and paraphernalia for using drugs; the use of stashes, and methods used to avoid detection of narcotics.  He will also testify as to the approximate value and quantity of the cocaine recovered at the street distribution level.

(d)  the methods for importing, transporting, manufacturing, processing, packaging, selling, transferring and trafficking narcotics in the District of Columbia, including but not limited to the roles of different participants in drug trafficking schemes.  Det. Washington will testify how the materials recovered, including, but not limited to the cocaine, are converted into smaller amounts for distribution at the street level.

(e) that beepers, pagers, cellular phones, automobiles, stashes, stash houses, safe houses, crack houses, open air drug markets, couriers, ledgers, safes, weapons, including firearms, and false identities are commonly used in the sale, transfer, processing and trafficking of narcotics in the District of Columbia and elsewhere.

3.   The expert will base his opinions on the foregoing on his years of training and experience in the area of drug investigations.  A copy of Det, Washington's resume has not yet been received, but will be provided to counsel prior to trial.

4.   Det. Washington is also available to discuss his testimony with you at your convenience.  Please contact me at (202) 307-0031, and I will provide you with his contact information.

DEA CHEMIST

5. Please be advised that the government intends to call DEA Forensic Chemist Elizabeth Pascual to testify regarding the results of the DEA analysis in this case. A copy of Ms. Pascual's curriculum vitae is attached as Exhibit A. Ms. Pascual is expected to testify regarding the procedures used by the DEA for receiving narcotics for analysis and maintaining the chain of custody of such narcotics, including the assignment of a DEA identification number. Ms. Pascual will also testify that these procedures were followed in connection with the narcotics seized in this case and that when received, the narcotics were secured by an unbroken heat-seal and a DEA evidence sticker, and showed no signs of tampering.

6. Ms. Pascual will also testify that after receiving the narcotics and confirming there was no evidence that the heat seal had been tampered with, he opened the heat seal by cutting open one end and removing the contents. Her testimony will include that he performed a microscopic and a chemical analysis on the substance found inside the packaging of the heat seal. The results of the analysis ("Certified Report of Controlled Substance Analysis" and the attached form DEA-7") have been previously disclosed to you pursuant to Rule 16. Ms. Pascual will testify that he identified the controlled substances to a scientific certainty, and that after completing the analysis, she placed the substance into a new bag that the DEA provided. She will provide testimony on the procedure used to re-package the drugs after the analysis was completed and before it was returned to the evidence vault maintained by the Metropolitan Police Department for proper storage.

7. Also, please note that the Government hereby renews its earlier reverse discovery request pursuant to Federal Rule of Criminal Procedure 16(b) and a reverse <u>Lewis</u> request, including notice of any expert testimony that the defense intends to call at trial in this case.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____
STEVEN B. WASSERMAN
Assistant United States Attorney
Organized Crime and Narcotics Section
555 4th Street, N.W.   Room #4241
Washington, DC 20530
(202) 307-0031; Fax: 353-9414
Bar #453-251

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel for defendant, James Rudasill, Esq., this 27th day of February, 2006.

_____
STEVEN B. WASSERMAN
Assistant United States Attorney

**EXHIBIT A**